[Cite as *Singer v. Singer*, 2019-Ohio-5294.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MARELLA SINGER, nka BROWN

    Appellee

    v.

GARY SINGER

    Appellant

C.A. No.     18CA0073-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17DR0048

DECISION AND JOURNAL ENTRY

Dated: December 23, 2019

CALLAHAN, Judge.

{¶1} Appellant, Gary Singer, appeals from the judgment of the Medina County Common Pleas Court, Domestic Relations Division. For the reasons set forth below, this Court affirms.

I.

{¶2} Gary Singer and Marella Singer, nka Brown,[1] were married in 2004 and have two children. Mr. Singer resides in Tennessee and Mrs. Brown and the children reside in Ohio.

{¶3} In 2010, Mr. Singer initiated divorce proceedings in Tennessee. During the next six years, the parties engaged in protracted litigation, including the filing and dismissal of various divorce and separation complaints and counterclaims in both Ohio and Tennessee.

{¶4} On January 13, 2017, a Final Decree of Divorce was filed in Tennessee whereby Mrs. Brown was granted a divorce and Mr. Singer and Mrs. Brown entered into a settlement

---

[1] Marella Singer remarried during the pendency of this case.

regarding the division of assets and liabilities and spousal support. The allocation of parental rights and responsibilities was specifically excluded from the Final Decree of Divorce and reserved for decision by the Medina County Domestic Relations Court.

{¶5} Approximately one month before the Final Decree of Divorce was filed in Tennessee, Mr. Singer filed a second complaint for legal separation in Medina County, which included a request for custody of the children. Two weeks after the filing of the Final Decree of Divorce in Tennessee, Mrs. Brown filed a motion to allocate parental rights and responsibilities in Medina County. These two cases were consolidated. During the pendency of the case, Mrs. Brown was designated the temporary residential parent and legal custodian of the children and the parties were ordered to follow the court's standard long-distance parenting time schedule for the summer of 2017. A pre-trial conference was held during which the matter was scheduled for final pretrial and trial,[2] and discovery deadlines were set.

{¶6} A final pretrial was held three weeks prior to the trial. At that time, Mr. Singer filed a motion for forensic psychological evaluations of both parties and the children. One week before the trial, Mrs. Brown filed a motion for an in camera interview of the children to discern their wishes regarding visitation schedules.

{¶7} The trial commenced on August 9, 2017 with both parties and their counsel present. However, the trial was not able to be completed that day and was ordered to reconvene the next morning. Mr. Singer's counsel objected and filed a motion to continue on the morning of August 10, 2017, because he was scheduled to be in a trial in another court on that day and

---

[2] The parties, the magistrate, and the trial court use the terms "trial" and "final hearing" interchangeably throughout the record. We will utilize the term "trial."

time.  While the motion to continue was denied, the trial did not proceed because Mr. Singer immediately appealed the denial of his request for continuance.   Two months later the appeal was dismissed because this Court concluded that it lacked jurisdiction as there was no order entered on the docket and the appeal was moot because the trial date had expired.  *Singer v. Singer*, 9th Dist. Medina No. 17CA0059-M (Oct. 6, 2017).

{¶8}   Upon remand, a Notice of Hearing was issued on October 20, 2017 stating the trial would resume on December 27, 2017 and proceed day to day until complete.   On December 12, 2017, Mr. Singer filed a motion to continue the trial for two reasons:  he was required to be in Tennessee to sign closing documents for his new home and his counsel was scheduled to attend continuing legal education courses.  The motion to continue was denied the next day.  Mr. Singer filed a motion to set aside the magistrate's order, to which there was no ruling.  On December 27, 2017, Mr. Singer's counsel appeared for trial, but Mr. Singer did not.

{¶9}   Three weeks after the conclusion of the trial, the magistrate conducted an in camera interview of the children.   On March 15, 2018, the magistrate issued a decision designating Mrs. Brown as the sole residential parent and legal custodian of the children, granting Mr. Singer parenting time, and calculating Mr. Singer's child support obligation.  The trial judge adopted the magistrate's decision the same day.

{¶10}  Mr. Singer filed a request for findings of fact and conclusions of law which was denied because the magistrate's decision contained findings of fact and conclusions of law.  Mr. Singer then timely filed preliminary objections to the magistrate's decision.  Thereafter, Mr. Singer filed three separate motions for additional time to file supplemental objections.  Without leave of court, Mr. Singer filed supplemental objections on May 8, 2018 and partial hearing transcripts on June 14, 2018.  The trial court declined to consider Mr. Singer's supplemental

objections and partial transcripts, overruled all of Mr. Singer's preliminary objections, and adopted the magistrate's decision in its entirety. Mr. Singer timely appeals, raising three assignments of error.

II.

**STANDARD OF REVIEW**

{¶11} This Court generally reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd,* 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai,* 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. An abuse of discretion is present when a trial court's decision "'is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED BY AFFIRMING GARY SINGER'S TIMELY OBJECTION TO THE MAGISTRATE'[S] UNJUSTIFIED, ARBITRARY[,] AND UNREASONABLE DENIAL OF HIS MOTION TO CONTINUE THE SECOND DAY OF TRIAL.

{¶12} In his first assignment of error, Mr. Singer argues that the trial court abused its discretion when it denied his motion to continue the December 27, 2017 trial date[3] and thereby denied him due process of law. This Court disagrees.

---

[3] Despite Mr. Singer's lengthy discussion regarding the denial of the continuance of the August 10, 2017 trial date, Mr. Singer's preliminary objection to the magistrate only addressed the denial of the continuance of the December 27, 2017 trial date. Accordingly, we will only address the denial of the motion to continue the December 27, 2017 trial date.

{¶13} As a preliminary matter, we will clarify which objections are before this Court for appellate review. Mr. Singer timely filed preliminary objections. The trial court denied Mr. Singer's motion for enlargement of time to file supplemental objections and declined to consider the supplemental objections. Further, the trial court declined to consider Mr. Singer's evidence-based objections because the transcripts of the proceedings were filed untimely and were not complete transcripts of the trial. Mr. Singer has not asserted on appeal that the trial court abused its discretion regarding either of those decisions. Because the trial court declined to consider the supplemental objections and the partial transcripts and limited its consideration to Mr. Singer's preliminary objections, our review is similarly confined to Mr. Singer's preliminary objections.

{¶14} Notably, the arguments contained in Mr. Singer's appellate brief are premised upon the arguments set forth in his supplemental objections. As the supplemental objections are not properly before this Court, neither is the substance of Mr. Singer's appellate arguments. Nonetheless, we will review whether the trial court's actions with respect to the magistrate's decision were an abuse of discretion. *See Fields*, 2008-Ohio-5232, at ¶ 9.

{¶15} The grant or denial of a motion for continuance is reviewed for an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). *Accord Swedlow v. Reigler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 9. *See* Sup.R. 41(A) ("The continuance of a scheduled trial or hearing is a matter within the sound discretion of the trial court for good cause shown."). Due process considerations arising from a motion for continuance are also subject to a discretionary standard of review. *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶16} "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is

denied.'" *Unger* at 67, quoting *Ungar* at 589. Thus, "not every denial of a continuance constitutes a denial of due process." *State v. Broom*, 40 Ohio St.3d 277, 288 (1988), citing *Ungar* at 589.

{¶17} When reviewing whether there was an abuse of discretion by the trial court in denying a motion for continuance, this Court applies a balancing test which weighs the possible prejudice to the moving party against the trial court's interest in controlling the docket and dispensing efficient justice. *Unger* at 67. *Accord Swedlow* at ¶ 9. Factors that the trial court should consider include

> "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."

*Swedlow* at ¶ 9, quoting *Unger* at 67-68. This Court examines the same factors in its review of the trial court's decision relative to the motion for continuance. *Schiesswohl v Schiesswohl*, 9th Dist. Summit No. 21629, 2004-Ohio-1615, ¶ 20.

{¶18} In reaching its conclusion to adopt the magistrate's denial of the continuance of the December 27, 2017 trial date, the trial court applied the balancing test by examining the docket filings preceding the denial of the motion to continue. Specifically, the trial court considered the following: the trial had begun five months earlier; one continuance had already been requested and denied, but indirectly obtained by the filing of a notice of appeal; the case had been delayed two months due to the appeal of an issue which the appellate court had no jurisdiction to review; the timing of the motion to continue in relation to the trial date and the notice of the trial date; the reasons stated for the continuance were Mr. Singer's conflict in the date with the closing of his new home and Mr. Singer's counsel's need to complete his

continuing legal education requirements; and the motion to set aside did not stay the effectiveness of the Magistrate's Order denying the motion for continuance. *See Unger* at 67-68.

{¶19} Balancing the trial court's interest in controlling the docket and dispensing efficient justice against the potential prejudice to Mr. Singer, this Court cannot conclude that the trial court abused its discretion when it denied the motion to continue the December 27, 2017 trial. *See Unger* at 67.

{¶20} Relying upon the same docket filings, the trial court concluded that the denial of the motion to continue did not deny Mr. Singer due process of law by not permitting him to produce evidence at the trial. Due process requires reasonable notice and an opportunity to be heard. *Ohio Assn. of Pub. School Emps., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 176 (1994), citing *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542 (1985). The docket reflects that a Notice of Hearing dated October 20, 2017, was sent to all parties and counsel scheduling the trial date for December 27, 2017. In light of the two-month notice of the trial date, Mr. Singer received reasonable notice of the trial date.

{¶21} Further, the December 27, 2017 trial date provided Mr. Singer with the opportunity to be heard by allowing him to present evidence at the trial. Despite having notice of the trial date, Mr. Singer failed to appear on December 27, 2017 to testify. However, Mr. Singer was represented by counsel, who did appear on December 27, 2017 and who could have proceeded to call or cross-exam the other witnesses contained in Mr. Singer's witness list.

{¶22} Based upon the foregoing, we conclude that the trial court did not abuse its discretion when it denied Mr. Singer's motion to continue, nor did the denial of the continuance constitute a denial of due process.

{¶23} Mr. Singer's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AFFIRMING THE MAGISTRATE'S *SUB SILENTIO* DENIAL OF GARY SINGER'S TIMELY MOTION FOR AN INDEPENDENT PSYCHOLOGICAL EVALUATION.

{¶24} Mr. Singer contends that the trial court abused its discretion by denying his motion for independent psychological evaluations of the parties and the children. We disagree.

{¶25} R.C. 3109.04(C) and Civ.R. 35(A) both permit psychological examinations of the parties and the minor children. Pursuant to R.C. 3109.04(C), the trial court may order medical, psychological, and psychiatric examinations of the parents and the minor children to assist in ascertaining the fitness of the parents in determining the best interests of the children in the allocation of parental rights and responsibilities. *Id.; Citta-Pietrolungo v. Pietrolungo*, 8th Dist. Cuyahoga Nos. 81943, 82069, 2003-Ohio-3357, ¶ 19. Such examinations are to occur prior to trial and the report of the examination must be available, upon written request, to the parents and their counsel at least five days before trial. R.C. 3109.04(C).

{¶26} Similarly, Civ.R. 35(A) permits the trial court to order a mental or physical examination of a party or a person in the custody of a party when the mental or physical condition of that individual is in controversy. *Id.* The trial court may order such an examination upon the filing of a motion showing good cause. *Id.*

{¶27} As to the trial court's authority to order a physical or mental examination, R.C. 3109.04(C) and Civ.R. 35(A) are both permissive, not mandatory. *Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, ¶ 25. Thus, it is within the trial court's discretion whether to order an examination, and absent an abuse of discretion we will not reverse that decision. *Sites* at ¶ 25, citing *Sinsky v. Matthews*, 9th Dist. Summit No. 20248, 2001 WL

888378, *4 (Aug. 8, 2001). *See Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 37 (4th Dist.).

**{¶28}** Similar to the first assignment of error, we will not consider Mr. Singer's arguments on appeal that were presented in his supplemental objections. Instead, we will confine our review to whether the trial court abused its discretion in denying Mr. Singer's motion for forensic psychological evaluations of the children and parents. Relying upon the docket filings, the trial court adopted the magistrate's denial of the motion for psychological evaluations on the basis that it was untimely.

**{¶29}** The trial court noted and the docket confirms that the case had been pending for six months and that Mr. Singer waited until the final pretrial to file the motion for psychological evaluations. Mr. Singer's filing of the motion for psychological evaluations at that stage of the proceedings was in contravention of Local Rule 5.04 of the Court of Common Pleas of Medina County, Domestic Relations Division, which requires a motion for psychological evaluation to either be filed or orally made at the case management conference. The case management conference was held on March 28, 2017. The pretrial order from that conference contains no reference to any oral or written motion for psychological evaluations. Instead, the docket reflects Mr. Singer delayed an additional three months, until the morning of the final pretrial on July 13, 2017, to seek permission to have four psychological examinations conducted prior to the August 9, 2017 trial.

**{¶30}** Based upon the record, there is nothing to suggest that the trial court's denial of Mr. Singer's motion for psychological evaluations on the basis of untimeliness was an abuse of discretion.

**{¶31}** Mr. Singer's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY OVERRULING GARY SINGER'S OBJECTION TO THE MAGISTRATE'S DECISION TO CONDUCT AN IN[]CAMERA INTERVIEW OF HIS CHILDREN WITHOUT FIRST APPOINTING A GUARDIAN AD LITEM.

{¶32} Mr. Singer argues that the trial court abused its discretion when it failed to appoint a guardian ad litem for the children during the in camera interview. This Court does not agree.

{¶33} When considering the best interest of the child in deciding the allocation of parental rights and responsibilities, the trial court may, in its discretion, interview the child in chambers to determine the child's wishes. R.C. 3109.04(B)(1). If either party requests such an interview, then the court must question the child. *Id.*

{¶34} If the court conducts an interview to determine the child's wishes, then "[t]he court, in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child." R.C. 3109.04(B)(2)(a). Accordingly, when neither parent requests the appointment of a guardian ad litem for the in camera interview, it is within the trial court's discretion whether to appoint a guardian ad litem. *Id. See Phillips v. Phillips*, 9th Dist. Lorain No. 13CA010358, 2014-Ohio-248, ¶ 22, quoting *Badgett v. Badgett*, 120 Ohio App.3d 448, 452 (7th Dist.1997). In this case, neither Mr. Singer nor Mrs. Brown moved the trial court to appoint a guardian ad litem for the children for the in camera interview. Thus, this Court will review the trial court's decision not to appoint a guardian ad litem for the in camera interview for an abuse of discretion. *See Douglass-Makni v. Makni*, 4th Dist. Pike No. 01CA680, 2002-Ohio-5098, ¶ 19.

{¶35} As with the prior two assignments of error, we will not address Mr. Singer's arguments on appeal that were presented in his supplemental objections. Rather, we will limit

our review to whether the trial court abused its discretion by conducting an in camera interview of the minor children without a guardian ad litem present.

{¶36} In response to Mr. Singer's stated preliminary objection, the trial court referenced the above statutes and noted the absence of a motion from either parent. The trial court went on to conclude that "[t]here [was] nothing in the record to suggest the Magistrate erred by not *sua sponte* appointing a guardian *ad litem* to represent the best interest of the minor children at the *in camera* interview." (Alterations sic.)

{¶37} Based upon the foregoing, the trial court determined that there was no need for the children to have representation or protection during the in camera interview. Mr. Singer has failed to show that the trial court's decision constituted an abuse of discretion. Upon review of the record, we cannot say that the trial court abused its discretion to proceed with the in camera interview without appointing a guardian ad litem for the children.

{¶38} Mr. Singer's third assignment of error is overruled.

### III.

{¶39} Mr. Singer's assignments of error are overruled. The judgment of the Medina County Common Pleas Court, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellant.

STEVE C. BAILEY, Attorney at Law, for Appellee.