[Cite as *Tassone v. Tassone*, 2020-Ohio-3151.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Zephynia S. Tassone, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-382 |
| v. | : | (C.P.C. No. 17DR-4399) |
| Matthew Tassone, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 2, 2020

**On brief:** *Matthew Tassone*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

PER CURIAM

{¶ 1} Defendant-appellant, Matthew Tassone, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a motion for contempt filed by plaintiff-appellee, Zephynia S. Tassone. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant and appellee were married in July 2011 and have one child. In November 2017, appellee filed a complaint for divorce. The divorce proceedings have been extensive, and appellant has previously appealed several of the domestic relations court's orders to this court. *See Tassone v. Tassone*, 10th Dist. No. 18AP-912 (May 8, 2019) (judgment entry) (dismissed for lack of final, appealable order); *Tassone v. Tassone*, 10th Dist. No. 18AP-810, 2019-Ohio-1018 (dismissed for lack of final, appealable order); *Tassone v. Tassone*, 10th Dist. No. 18AP-677 (Sept. 18, 2018) (journal entry of dismissal) (dismissed for lack of final, appealable order); *Tassone v. Tassone*, 10th Dist. No. 18AP-

669 (Sept. 18, 2018) (journal entry of dismissal) (dismissed for lack of final, appealable order); *Tassone v. Tassone*, 10th Dist. No. 18AP-475, 2019-Ohio-683 (dismissed for lack of final, appealable order).

{¶ 3} As relevant to the present appeal, on November 30, 2017, appellee moved for a psychological evaluation, requesting the domestic relations court appoint a "forensic psychological custodial evaluator * * * to perform a full psychological evaluation of the parties." (Nov. 30, 2017 Mot. for psychological evaluation.) At a hearing on June 15, 2018, the court sought clarification of appellee's motion and was advised that appellee sought a custodial evaluation, rather than a psychological evaluation of appellant.[1]  Following that hearing, on June 19, 2018, appellant moved for an order compelling appellee to specify the basis for her motion for a psychological evaluation and clarify the specific order sought under that motion.  Appellant argued appellee had failed to establish good cause for a psychological evaluation pursuant to Civ.R. 35(A).

{¶ 4} On July 17, 2018, a magistrate of the domestic relations court conducted a hearing on the motion for psychological examination and other pending motions.  After the hearing, on September 28, 2018, the magistrate issued a decision granting appellee's motion for psychological evaluation in part ("the September 28th evaluation order").  The court appointed Dr. David Lowenstein to conduct the evaluation and ordered that "[b]oth the parties and the minor child shall be evaluated in a custodial evaluation which shall include all measurements deemed necessary by Dr. Lowenstein including a psychological evaluation of the parties and the minor child (if necessary)." (Sept. 28, 2018 Magistrate's Order at 8.)  Appellant then moved to set aside the September 28th evaluation order. Appellant did not obtain a stay pending his motion to set aside.  The domestic relations court denied appellant's motion to set aside.  Appellant appealed the denial of his motion to set aside to this court; we dismissed the appeal for lack of a final, appealable order. *Tassone*, 10th Dist. No. 18AP-912.  Appellant did not obtain a stay of the September 28th evaluation order pending his appeal to this court.

{¶ 5} On October 25, 2018, appellee moved for an order holding appellant in contempt for failure to comply with the September 28th evaluation order.  While the

---

[1] No transcript of the June 15, 2018 hearing was filed. Accordingly, we rely on the court's characterization of the June 15, 2018 hearing as described in the September 28, 2018 magistrate's order.

contempt proceedings were pending, Dr. Lowenstein testified at a hearing and indicated he would not conduct any evaluation for the parties.  As a result, on April 15, 2019, the domestic relations court issued an order appointing Dr. Farshid Afsarifard to perform the custodial evaluation of the parties and the minor child.

{¶ 6}   The domestic relations court conducted a hearing on appellee's motion for contempt.  Appellee testified at the hearing; appellant refused to be placed under oath and invoked his rights under the Fifth Amendment to the United States Constitution.  On May 16, 2019, the domestic relations court issued a judgment granting the motion for contempt.  The court noted that no stay of the September 28th evaluation order had been issued during the pendency of appellant's motion to set aside or his appeal of the denial of his motion to set aside. Based on testimony of appellee and testimony from Dr. Lowenstein at an earlier hearing, the court found appellant failed to comply with the September 28th evaluation order.  The court sentenced appellant to seven days in jail but stayed the sentence and provided that appellant could purge the contempt by fully complying with the court's April 15, 2019 order appointing Dr. Afsarifard.

## II. Assignments of Error

{¶ 7}   Appellant appeals and assigns the following seven assignments of error for our review:

> [I.] The trial court's September 28th, 2018 Court Order was obtained through extrinsic and collateral fraud; therefore, the trial court abused its discretion and violated Mr. Tassone Due Process Rights in enforcing said order.
>
> [II.] The Court's September 28th, 2018 Order Ordering a "custodial evaluation" is void and not subject to enforcement.
>
> [III.] The Court's May 16th, 2018 Order Finding Mr. Tassone in Contempt of Court is void.
>
> [IV.] The trial court erred and abused its discretion in enforcing the court's September 28th, 2018 void Court Order.
>
> [V.] The trial court erred and violated Defendant's Due Process Rights insomuch as the trial court refused to permit Mr. Tassone to call Magistrate David Black as a witness to testify in the contempt proceedings.

[VI.] The court erred and abused its discretion in finding Mr. Tassone in contempt as a means to force Mr. Tassone to Comply with The September 28th, 2018 Order for which the Contempt Proceedings were commenced because the September 28th, 2018 order was rendered moot and voided by the trial court prior to the court seeking to enforce said order in contempt proceedings.

[VII.] The Court abused its discretion and did not provide proper notice to Defendant regarding the contempt proceedings because the Court had sought to enforce its new Order appointing Dr. Asfarad [sic] as an evaluator, despite the fact that the contempt proceedings were commenced, and the notice given, was with respect to the trial court's September 28th, 2018 Order.

## III. Analysis

{¶ 8} We begin by noting that the order finding appellant to be in contempt is a final, appealable order. The Supreme Court of Ohio has held that "a court order finding a party in contempt and imposing a sentence conditioned on the failure to purge is a final, appealable order on the issue whether the party is in contempt of court." *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, ¶ 23.

{¶ 9} Contempt of court is defined as disobedience of an order of a court. *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. It is "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Id.* "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Id.* at paragraph two of the syllabus. A court has both inherent and statutory authority to punish contempt. *Howell v. Howell*, 10th Dist. No. 04AP-436, 2005-Ohio-2798, ¶ 19, citing *In re Contempt of Morris*, 110 Ohio App.3d 475, 479 (8th Dist.1996).

{¶ 10} Courts classify contempt as either direct or indirect, and as either criminal or civil. *See Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 202-03 (1973). Contempt is classified as direct or indirect depending on where the contempt occurs. Direct contempt occurs in the presence of the court in its judicial function. *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 12. Indirect contempt involves behavior outside

the presence of the court that demonstrates lack of respect for the court or for the court's orders. *Id.*

{¶ 11} "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment." *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). " 'Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance.' " *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984), quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Criminal contempt sanctions are not coercive in nature but act as "punishment for the completed act of disobedience, and to vindicate the authority of the law and the court." *Brown* at 254.

{¶ 12} Although, "[i]n cases of criminal, indirect contempt, it must be shown that the alleged contemnor intended to defy the court," in cases of "civil contempt" it is "irrelevant that the transgressing party does not intend to violate the court order. If the dictates of the judicial decree are not followed, a contempt citation will result." *Midland Steel Prods. Co. v. U.A.W. Local 486*, 61 Ohio St.3d 121 (1991), paragraph two of the syllabus; *Pedone v. Pedone*, 11 Ohio App.3d 164, 165 (8th Dist.1983). *See also Windham Bank* at paragraph three of the syllabus. For civil contempt, the burden of proof is clear and convincing evidence; for criminal contempt, the burden of proof is proof beyond a reasonable doubt. *Lopez v. Lopez*, 10th Dist. No. 04AP-508, 2005-Ohio-1155, ¶ 56; *Brown* at syllabus. It is well-settled that to find a litigant in contempt, the court must find the existence of a valid court order, that the offending party had knowledge of such order, and that such order was, in fact, violated. *McCall v. Kranz*, 10th Dist. No. 15AP-436, 2016-Ohio-214, ¶ 9, citing *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990). Once the complainant has satisfied his or her initial burden of demonstrating the other party violated a court order, the burden shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence. *Ryan v. Ryan*, 10th Dist. No. 14AP-28, 2014-Ohio-3049, ¶ 12.

{¶ 13} We review a trial court's finding of contempt, including the imposition of penalties, for abuse of discretion. *Byron* at ¶ 15. An abuse of discretion occurs when a

judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## A. Challenges to the September 28th evaluation order

{¶ 14} Appellant was found to be in contempt of court for failure to comply with the September 28th evaluation order. His first, second, third, and fourth assignments of error challenge the merits or validity of the September 28th evaluation order and we will address those assignments of error together.

{¶ 15} Pursuant to R.C. 3109.04(C), in a divorce action involving allocation of parental rights and responsibilities, a trial court may order parents and minor children to submit to medical, psychological, and psychiatric examination. The trial court has discretionary authority to order such an examination and an order requiring an examination under the statute will not be reversed absent an abuse of discretion. *See Singer v. Singer*, 9th Dist. No. 18CA0073-M, 2019-Ohio-5294, ¶ 27 (holding that ordering an examination under R.C. 3109.04(C) is within the trial court's discretion and will not be reversed absent an abuse of discretion); *Masten v. Masten*, 5th Dist. No. 16-CA-4, 2016-Ohio-5738, ¶ 11 (holding that decision whether to order a psychological examination under R.C. 3109.04(C) is within the discretion of trial court and will not be reversed absent an abuse of discretion); *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 37 (4th Dist.) ("[B]oth R.C. 3109.04(C) and Civ.R. 35(A) place the decision to order an investigation clearly within the trial court's sound discretion.").

{¶ 16} Appellant argues the September 28th evaluation order was procured through fraud and misrepresentation. Appellant claims that appellee's counsel and the magistrate misrepresented the nature of the evaluation sought, thereby preventing appellant from adequately preparing his defense against the motion. Appellant argues this constituted a denial of due process.

{¶ 17} In the September 28th evaluation order, the magistrate noted the motion for psychological evaluation as filed was unclear. The magistrate found certain portions of the motion suggested appellee sought an evaluation under R.C. 3109.04, while other portions suggested the evaluation was being sought under Civ.R. 35(A). The magistrate explained the measures taken to clarify this uncertainty:

> Prior to the hearing on [the motion for a psychological evaluation], defendant correctly raised concerns about the

> nature of plaintiff's motion and what exactly plaintiff was seeking: a psychological evaluation vs. a custodial evaluation. At a prior hearing, the court agreed with defendant and questioned plaintiff's counsel as to his intention regarding the motion. The court and defendant were informed that plaintiff was seeking a custodial evaluation and not a psychological evaluation. The court then informed both parties that it would only hear testimony pertaining to a custodial evaluation and that plaintiff was barred from later attempting to request or present evidence concerning a psychological evaluation of defendant.

(Footnote omitted; Sept. 28, 2018 Magistrate's Order at 2.)

{¶ 18} The magistrate further noted appellant admitted to having a conversation with the guardian ad litem in the case, who had also sought clarification from appellee's counsel. The guardian ad litem informed appellant that her conversation with appellee's counsel was consistent with the discussion the magistrate held with the parties. Given these circumstances, the magistrate concluded appellant had adequate notice of the matters to be considered at the July 17, 2018 hearing.

{¶ 19} Appellant's primary objection to the September 28th evaluation order appears to arise from a fundamental misunderstanding of the distinction between an examination pursuant to Civ.R. 35(A) and an examination pursuant to R.C. 3109.04(C). Appellant insists "the court has fraudulently misrepresented the [September 28th evaluation] order as something other than a Rule 35(A) psychological evaluation." (Appellant's Brief at 30.) Appellant appears to suggest that a psychological examination could only be ordered pursuant to Civ.R. 35(A).

{¶ 20} Civ.R. 35(A) provides that when the mental or physical condition of a party is in controversy, a court may order the party to submit to a mental or physical examination, upon a motion showing good cause for the examination. The staff notes to Civ.R. 35 indicate that the rule applies to all civil actions. R.C. 3109.04(C), which applies in divorce, legal separation, annulment, or other proceedings relating to the allocation of parental rights and responsibilities for care of a child, provides that "[p]rior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations." Unlike

Civ.R. 35(A), R.C. 3109.04(C) does not require that good cause be shown for a mental examination. *Harness v. Harness*, 143 Ohio App.3d 669, 675 (4th Dist.2001). Notably, both Civ.R. 35(A) and R.C. 3109.04(C) permit a mental or psychological examination of an individual. Thus, appellant's apparent suggestion that a psychological examination may only be ordered under Civ.R. 35(A) is incorrect.

{¶ 21} The record in this appeal is incomplete and prevents us from fully reviewing appellant's assertions. Appellant has not filed a transcript of the June 15, 2018 hearing where the magistrate requested clarification of appellee's motion for psychological examination. Additionally, appellant filed only a partial transcript of the July 17, 2018 hearing on the motion for psychological examination, and the brief excerpt contained in that partial transcript involved appellant's cross-examination of appellee related to claims she had concerns about the welfare of the minor child when in appellant's care. Absent other evidence, we are left with the magistrate's description of the proceedings as contained in the September 28th evaluation order. As explained above, that description indicates the magistrate sought and obtained clarification of the nature of the relief sought under appellee's motion or psychological examination prior to the hearing on that motion. Thus, appellant has failed to demonstrate that the September 28th evaluation order was fraudulently obtained. Based on the incomplete record before us, we cannot conclude the magistrate erred by finding appellant had adequate notice regarding the nature of the examination requested. Further, we cannot conclude the magistrate abused his discretion by ordering appellant to submit to a psychological evaluation pursuant to R.C. 3109.04(C).

{¶ 22} Because we conclude the domestic relations court did not abuse its discretion by ordering appellant to submit to a psychological evaluation pursuant to R.C. 3109.04(C), we overrule appellant's first, second, third, and fourth assignments of error.

**B. Challenge to order quashing subpoena**

{¶ 23} Appellant argues in his fifth assignment of error he was denied the right to present evidence in his defense, question witnesses, and call witnesses. Specifically, appellant argues he sought to call the domestic relations court magistrate as a witness and that the domestic relations court denied his right to due process by denying his request to call the magistrate as a witness.

{¶ 24} Appellant requested a subpoena be issued to the domestic relations court magistrate compelling him to testify at a hearing. In an attachment to the subpoena, appellant alleged the magistrate engaged in ex parte communications with Dr. Lowenstein and secretly made changes to the September 28th evaluation order. The magistrate moved to quash the subpoena, arguing it imposed an undue burden because he served as trier of fact on multiple motions in the case. The magistrate asserted that because the court spoke only through its journal, he could not testify as to the meaning or intent of any decisions on those motions. Further, the magistrate argued that to the extent appellant sought to discover the content of any discussion he had with Dr. Lowenstein regarding the custodial evaluation, Dr. Lowenstein could testify to those matters. The domestic relations court granted the motion to quash. We review an order granting or denying a motion to quash for abuse of discretion. *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 13.

{¶ 25} Under Civ.R. 45(C)(3)(d), on timely motion a court shall quash or modify a subpoena if it subjects a person to undue burden. The movant bears the initial burden of establishing an undue burden. *Future Communications, Inc. v. Hightower*, 10th Dist. No. 01AP-1175, 2002-Ohio-2245, ¶ 17. When a motion to quash is made under Civ.R. 45(C)(3)(d) and establishes an undue burden, "the court shall quash or modify the subpoena unless the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated." Civ.R. 45(C)(5). In the present case, the magistrate demonstrated that complying with the subpoena would impose an undue burden because it would require him to testify as a fact witness before his own court on matters over which he had presided. Compelling the magistrate to testify about the meaning of his orders would violate the principle that a court speaks through its journal entries. Other appellate courts have upheld motions to quash subpoenas of judges in similar circumstances. *See, e.g., State v. Galluzzo*, 2d Dist. No. 2004 CA 25, 2006-Ohio-309, ¶ 49-58 (affirming decision quashing subpoena of trial judge because the judge had no material information to provide and there were other sources for the information sought); *Hirschberger v. Silverman*, 80 Ohio App.3d 532, 540-41 (6th Dist.1992) (affirming decision quashing subpoenas and holding that "since a court

speaks only through its journal, a judge cannot testify as to the meaning or intent of his decision in a case or explain aspects of the decision further"). Under these circumstances, we cannot conclude the domestic relations court abused its discretion by granting the magistrate's motion to quash the subpoena.

{¶ 26} Accordingly, we overrule appellant's fifth assignment of error.

**C. Challenges to contempt order**

{¶ 27} Appellant argues in his sixth assignment of error the domestic relations court abused its discretion by finding him in contempt because the September 28th evaluation order was rendered moot by the April 15, 2019 order appointing Dr. Afsarifard to conduct the custodial evaluation. Appellant claims that because Dr. Lowenstein was no longer authorized to perform the evaluation, he could not be held in contempt for failure to comply with an order requiring him to submit to an examination by Dr. Lowenstein.

{¶ 28} As explained above, civil contempt is a sanction to enforce compliance with an order of the court and is intended to secure the dignity of the courts and the unimpeded administration of justice. In the present case, appellant did not obtain a stay of the September 28th evaluation order pending his motion to set aside that order or his appeal of the denial of the motion to set aside to this court. Therefore, the order remained in effect and appellant was required to comply with it. Although the court ultimately appointed a different evaluator, that does not eliminate appellant's failure to comply with the September 28th evaluation order during the preceding months. A finding of contempt was warranted in this case because there was a valid court order, appellant had knowledge of the order, and appellant violated the order. *See McCall* at ¶ 9. Under these circumstances, the trial court did not abuse its discretion by finding appellant to be in contempt.

{¶ 29} Accordingly, we overrule appellant's sixth assignment of error.

{¶ 30} Appellant argues in his seventh assignment of error that he was not given adequate notice of the contempt proceedings because the domestic relations court sought to use the contempt proceeding to enforce the April 15, 2019 order appointing Dr. Afsarifard to conduct the custodial evaluation. The record indicates appellant was served with a copy of appellee's motion for contempt, which expressly sought a finding of contempt based on appellant's failure to comply with the September 28th evaluation order. The domestic relations court found appellant to be in contempt on that basis—i.e., because he

failed to comply with the September 28th evaluation order.  The fact that the domestic relations court provided appellant an opportunity to purge the contempt by complying with the April 15, 2019 order appointing Dr. Afsarifard to conduct the custodial evaluation does not establish that appellant lacked proper notice of the contempt proceedings.

{¶ 31}  Accordingly, we overrule appellant's seventh assignment of error.

**IV. Conclusion**

{¶ 32}  For the foregoing reasons, we overrule appellant's seven assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.
NELSON, J., concurs.

NELSON, J., concurring.

{¶ 33}  I concur in the judgment of the court overruling Mr. Tassone's assignments of error and affirming the May 16, 2019 judgment of the domestic relations court that found Mr. Tassone in civil contempt of court.  And I agree, of course, that the central point of a civil contempt order is to promote compliance with a court order.  I write separately simply to observe that "the opportunity to purge the contempt by complying with the April 15, 2019 order appointing Dr. Afsarifard to conduct the custodial evaluation," *see* ¶ 30 above, was conditioned on an event that (at least until the issuance of this current decision) had not occurred.  It seems to me that the domestic relations court when it turns to considering whether contempt has been purged should take this circumstance into account.

{¶ 34}  Mr. Tassone could purge himself of the contempt, the domestic relations court said, "by fully complying with" its April 19, 2019 order.   May 16, 2019 Decision and Judgment Entry.  But the April 19, 2019 order gave Mr. Tassone only one, contingent direction:  "**if the *Decision* of November 13, 2018** [as then pending on appeal] **is upheld by the Court of Appeals,"** it recited (with bolded emphasis), then it is ordered that "[b]oth parties are instructed to contact Dr. Farshid Afsarifard * * * no later than  * * * seven (7) days after the Court of Appeals releases its Decision in 18 AP 912 to schedule their initial appointments.  Both parties and the minor child shall be evaluated in a custodial evaluation which shall include all measurements deemed necessary by Dr. Farshid

Afarsifard including a psychological evaluation of the parties and minor child (if necessary). The parties shall equally divide the * * * costs of the custodial evaluation." April 15, 2019 Decision and Judgment Entry.

{¶ 35} The domestic relations court's November 13, 2018 order was not "upheld" by this court, at least until perhaps arguably now, because the appeal of that order was dismissed for want of jurisdiction in light of the lack of a final appealable order. *See* ¶ 4 above. Without jurisdiction, we could not "reach the merits" in the earlier appeal. *Tassone v. Tassone*, 10th Dist. No. 18AP-810, 2019-Ohio-1018, ¶ 18; *see also, e.g., Ohio ex rel. DeWine v. Precourt Sports Ventures LLC*, 10th Dist. No. 18AP-342, 2018-Ohio-2414, ¶ 10 ("We do not reach the merits of the trial court's order because we find that the trial court has yet to render a final appealable order in this case and we must dismiss the appeal for lack of jurisdiction").

{¶ 36} The domestic relations court has not yet been in a position to conduct the purge hearing contemplated by its May 16, 2019 order. It may want to apprise Mr. Tassone of its current reading on his timeframe for purging the contempt in light of our ruling today.