[Cite as *Webb v. Buckeye Schools*, 2024-Ohio-5314.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| SEAN M. WEBB | Case No. 2023-00700PQ |
| Requester | Magistrate Robert Van Schoyck |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| BUCKEYE SCHOOLS | |
| Respondent | |

{¶1} On April 3, 2024, requester filed a motion asking that respondent be ordered to comply with the court's March 14, 2024 decision and that a show cause hearing be scheduled. On April 24, 2024, the court granted the motion, in part, and appointed the undersigned "to determine whether Respondent has failed to produce all public records responsive to Requester's public-records request, as lawfully ordered, and, if so, whether Respondent has engaged in contemptuous conduct by failing to comply with this Court's order of March 14, 2024."

{¶2} The magistrate conducted an evidentiary hearing. The evidence presented included testimony from requester and from Jennifer Knapp, Treasurer and CFO of respondent, as well as exhibits. With leave of court, the parties filed post-hearing briefs, and the matter was submitted for decision. On October 11, 2024, requester filed a motion for decision, which is DENIED as moot.

{¶3} For the reasons that follow, it is recommended that the court deny requester's motion.

**Background**

{¶4} Requester brought this action under R.C. 2743.75 alleging a denial of access to public records. The case arises from a November 6, 2023 request for respondent to produce "[a]ll inbound and outbound email from Jeff Stanton and Dawn Kochsnek email

addresses.  You can redact any email content that is of any other children. . . . I need every email from present, going back to September 1st of 2023."

{¶5} The case was referred to the special master.  The special master, who found that requester sought "emails to or from two specific employees, sent or received during a specific period, dealing with a specific topic (his daughter)", recommended that respondent be ordered "to produce all public records responsive to Requester's public records request."

{¶6} On March 14, 2024, the court adopted the report and recommendation of the special master and ordered respondent "to produce all public records responsive to Requester's public-records request."

**Findings of Fact**

{¶7} Following the March 14, 2024 decision of this court, respondent considered appealing the decision and at the same time evaluated what would be entailed in a search for records in accordance with the decision.  Requester subsequently contacted Knapp one or more times inquiring about the status of this matter; according to Exhibit B of requester's post-hearing brief, requester made one such inquiry in a March 25, 2024 email to Knapp addressing this and several other public records matters.  Knapp, who is respondent's public records custodian, explained to requester that respondent was within its appeal time.

{¶8} On April 3, 2024, requester filed the motion to show cause, at which point respondent's appeal time had yet to expire.

{¶9} Ultimately, respondent elected not to appeal.  Knapp had respondent's information technology director perform a search for responsive records in accordance with the March 14, 2024 decision of the court.  On or before May 3, 2024, respondent or its counsel produced to requester a set of responsive records, an authenticated copy of which was filed with the court that day.  On or about May 3, 2024, respondent also mailed a check to requester, dated April 30, 2024, in the amount of $25.00 as reimbursement for requester's filing fee, pursuant to the March 14, 2024 decision of the court; an authenticated copy of the check was filed with the court on May 3, 2024.  (Requester had not notified respondent of any additional costs for which he sought reimbursement.)

{¶10} In an effort to resolve requester's motion to show cause, respondent's superintendent and information technology director met with requester by videoconference on the day before the evidentiary hearing to discuss the matter and determine if expanded search parameters could identify any additional responsive records. Upon reviewing the results of the expanded search, respondent identified one additional record that it produced, a copy of which was attached to respondent's post-hearing brief.

{¶11} Overall, when respondent had originally reviewed the request at issue, before this action was commenced, it did not interpret it as being limited by subject matter, and it conducted a search that identified several thousand records. But after searching in accordance with the special master's finding, which was adopted by the court, that the request was limited to a specific topic, requester identified and produced the records as explained above, totaling approximately 63 pages of email records.

**Conclusions of Law**

{¶12} "'Contempt of court is defined as disobedience of an order of a court.'" *Highland Square Mgmt., Inc. v. Willis & Linnen Co., L.P.A.*, 2003-Ohio-2630, ¶ 10 (9th Dist.), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph one of the syllabus. "Contempt is classified as direct or indirect depending on where the contempt occurs." *Tassone v. Tassone*, 2020-Ohio-3151, ¶ 10 (10th Dist.) "Direct contempt occurs in the presence of the court in its judicial function." *Id.* "Indirect contempt involves behavior outside the presence of the court that demonstrates lack of respect for the court or for the court's orders." *Id.*

{¶13} Furthermore, "[c]ontempt may be classified as either civil or criminal, depending on the character and purpose of the contempt sanctions." *State v. T.F.*, 2019-Ohio-1039, ¶ 11 (9th Dist.). "Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order." *State ex. rel. Corn v. Russo*, 90 Ohio St.3d 551, 555 (2001). "Criminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court." *Id.* "Thus, civil contempts are characterized as violations against the party for whose

benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court." *Id.*

{¶14} "To establish civil contempt, the moving party must '"establish a valid court order, knowledge of the order by the defendant, and a violation of the order."'" *In re S.S.*, 2023-Ohio-245, ¶ 12 (9th Dist.), quoting *Henry v. Henry*, 2015-Ohio-4350, ¶ 12 (9th Dist.), quoting *State v. Komadina*, 2004-Ohio-4962, ¶ 11 (9th Dist.). "In civil contempt proceedings, a finding of contempt must be premised on clear and convincing evidence." *Zemla v. Zemla*, 2012-Ohio-2829, ¶ 11 (9th Dist.). "The Supreme Court of Ohio has defined clear and convincing evidence as '[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal.'" *Pflaum v. Summit Cty. Animal Control*, 2017-Ohio-4166, ¶ 15 (9th Dist.), quoting *In re Estate of Haynes*, 25 Ohio St.3d 101, 104 (1986).

> The purpose of sanctions in a case of civil contempt is to compel the contemnor to comply with the lawful orders of a court, and the fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt. . . . The absences of willfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. . . . The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey . . . . An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions.

*Badertscher v. Badertscher*, 2015-Ohio-2189, ¶ 10 (9th Dist.), quoting *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984), quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d at paragraph three of the syllabus, and *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

{¶15} "'[B]ecause the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot.'" *In re J.C.*, 2024-Ohio-343, ¶ 18 (8th Dist.), quoting *Robinette v. Bryant*, 2015-Ohio-119, ¶ 47 (4th Dist.); *see also Sullivan v. Sullivan*, 2020-Ohio-5036, ¶ 17 (2d Dist.); *Darr v. Livingston*, 2017-Ohio-841, ¶ 15 (10th Dist.), citing *Williamson v. Cooke*, 2007-Ohio-493, ¶ 12 ("once a party complies with the underlying court order, civil contempt proceedings become moot"). "Therefore, civil contempt is appropriately used only to accomplish obedience, not to punish disobedience." *Tomasik v. Tomasik*, 1997 Ohio App. LEXIS 253 (9th Dist. Jan. 29, 1997).

{¶16} As stated earlier, this matter was referred to the undersigned "to determine whether Respondent has failed to produce all public records responsive to Requester's public-records request, as lawfully ordered, and, if so, whether Respondent has engaged in contemptuous conduct by failing to comply with this Court's order of March 14, 2024."

{¶17} The magistrate concludes that respondent has produced all public records responsive to requester's public records request, as lawfully ordered.

{¶18} Though at the hearing and in his post-hearing brief requester asserted that his request was not limited by subject matter and therefore should have resulted in more responsive records, the report and recommendation of the special master, which was adopted by the court, determined that the scope of his request was indeed limited to a specific topic. It was not demonstrated by clear and convincing evidence that respondent failed to produce any records responsive to the scope of the request as determined by the special master.

{¶19} To the extent requester argues in his post-hearing brief that Exhibit B to respondent's post-hearing brief demonstrates the existence of additional records, this argument is without merit. Respondent submitted Exhibit B as it contains one additional email message responsive to the request, including that it pertains to the specific topic noted by the special master, i.e. requester's daughter. Requester notes that above the message appears an additional October 3, 2023 email message between Jeff Stanton and Dawn Kochanek, and he contends that this and other messages like it, i.e. those not pertaining to the specific topic identified by the special master, are responsive to his

request and should be produced.  That message, however, is outside the scope of the request as determined by the special master and is thus not responsive.

{¶20} In sum, respondent has complied with the underlying March 14, 2024 decision of the court and, as a result, the civil contempt proceedings are moot.

{¶21} Based on the foregoing, it is recommended that requester's motion be DENIED.

{¶22} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

ROBERT VAN SCHOYCK
Magistrate

**Filed October 16, 2024**
**Sent to S.C. Reporter 11/6/24**